UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

COLONIAL SURETY COMPANY,

                Plaintiff,

      -against-

A&R CAPITAL ASSOCIATES, A&R
DEVELOPERS CORP., and REZA SHAIBANI,

                Defendants.

**MEMORANDUM OF**
**DECISION AND ORDER**
13-CV-7214 (LDH) (ARL)

------------------------------------------------------------------x

L<small>A</small>SHANN D<small>E</small>ARCY HALL, United States District Judge:

      Plaintiff Colonial Surety Company brings this action to enforce an indemnity agreement executed between Plaintiff and Defendants A&R Capital Associates, A&R Developers Corp., and Reza Shaibani. On March 31, 2017, Plaintiff's motion for summary judgment was granted, in part, and denied, in part. (*See* March 31, 2017 Mem. & Order, ECF No. 29.) Of significance to the instant order, Plaintiff's motion was denied as to its request for contractual indemnification in the amount of $650,025.86. (*See id.*) On April 13, 2017, the Court granted Plaintiff leave, in the interest of justice, to supplement the record with a sworn, itemized statement of its losses, costs, and expenses, and to renew its motion for summary judgment. (*See* April 13, 2017 Min. Entry & Order.) On April 20, 2017, Plaintiff filed a motion to renew its motion for summary judgment. (ECF No. 32.) Attached to Plaintiff's motion was a sworn, itemized statement of its losses, costs, and expenses not previously submitted to the Court. (ECF No. 32-2.) On April 21, 2017, the Court granted Plaintiff's motion to renew, limited only to the issue of contractual indemnification. (*See* April 21, 2017 Order.)

**DISCUSSION**

The Court assumes familiarity with the undisputed facts of the case. (*See* March 31, 2017 Mem. & Order 1-4.) In relevant part, however, on or about November 10, 2010, Defendants, as indemnitors, executed and delivered a General Indemnity Agreement (the "Indemnity Agreement") in favor of Plaintiff, as indemnitee. (Defs.' 56.1 Statement ¶ 1, ECF No. 27-15; Nunziata Aff. Ex. A, at 1, ECF No. 27-3.) Pursuant to the terms of the Indemnity Agreement, Defendants agreed to indemnify and hold harmless Plaintiff from and against all losses, costs, and expenses incurred in connection with (a) Plaintiff's issuance of bonds on behalf of Defendant A&R Capital, and/or (b) Plaintiff's enforcement of the Indemnity Agreement. (Defs.' 56.1 Statement ¶ 2.) Specifically, Paragraph 3 of the Indemnity Agreement obliges Defendants to:

> [I]ndemnify and save harmless [Plaintiff] from and against any and all (i) demands, liabilities, losses, costs, damages or expenses of whatever nature or kind, including all fees of attorneys and all other expenses, including but not limited to costs and fees of investigation, adjustment of claims, procuring or attempting to procure the discharge of Bonds, enforcement of any Contract with [Defendants], and in attempting to recover losses or expenses from [Defendants], or third parties, whether or not [Plaintiff] shall have paid out any or all such claims, (ii) amounts sufficient to discharge any claim made against [Plaintiff] on any Bond, which amounts may be used by [Plaintiff] to pay such claim, or may be held by [Plaintiff] as collateral security against any loss on any Bond, and (iii) any premiums due on Bonds issued by the [Plaintiff] on behalf of the Principal.

(Nunziata Aff. Ex. A ¶ 3.) Further, Paragraph 4(D) of the Indemnity Agreement (the "Prima Facie Clause") specifies that "[i]n any claim or suit hereunder, an itemized statement of the aforesaid loss and expenses, sworn by an officer of [Plaintiff], or the vouchers or other evidence of disbursement by [Plaintiff], shall be prima facie evidence of the fact and extent of the liability hereunder of [Defendants]." (Nunziata Aff. Ex. A ¶ 4(D).)

The sworn itemized statement submitted by Plaintiff in connection with its renewed motion for summary judgment complies with the requirements of Paragraph 4(D). As such,

Plaintiff has made a prima facie showing entitling it to indemnification in the sum of $650,025.86. Defendants have offered no arguments to rebut this prima facie showing, despite being afforded an opportunity to do so. (*See* April 21, 2017 Order ("Defendants may submit a response, if any, to Plaintiff's renewed motion for summary judgment on or before May 5, 2017.").) Accordingly, Plaintiff's renewed motion for summary judgment for contractual indemnification is granted.

## CONCLUSION

Based on the foregoing, Plaintiff's renewed motion for summary judgment is GRANTED as to Plaintiff's request, under the Indemnification Agreement, for summary judgment in the amount of $650,025.86.

Dated: Brooklyn, New York
      June 12, 2017                      SO ORDERED:

                                                    /s/LDH

                                       L<small>A</small>SHANN D<small>E</small>ARCY HALL
                                       United States District Judge